# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-00259-01-CR-W-DGK |
| | ) | |
| TIMOTHY S. WEBSTER, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING JOINT MOTION FOR SENTENCE REDUCTION

Pending before the Court is the United States' Unopposed Motion for Sentence Reduction Based on Post-Sentencing Substantial Assistance (Doc. 43). The United States requests that the Court release Defendant Timothy Webster from custody effective September 2, 2010 so that he is readily available to SEC trial counsel for a civil case securities fraud case scheduled for trial on November 15, 2010.

From approximately May of 1992 until December 2005 Webster was employed as the President and Chief Executive Officer of American Italian Pasta Company, a publicly held corporation with headquarters in Kansas City, Missouri. Following allegations that officers of the company had committed criminal violations of the securities laws by inflating earnings to meet or exceed earnings targets, the United States indicted Webster.

On September 15, 2008, Webster plead guilty to one count of Conspiracy to Commit Wire Fraud pursuant to a cooperation plea agreement. One of the conditions of the plea agreement requires Webster to continue providing cooperation after being sentenced, and specifically obligates him to cooperate with any federal agency as directed by the United States Attorney and testify as a witness. (Plea Agreement, doc. 6, ¶ 9(g)-(f).)

On October 15, 2009, the Court sentenced Webster to a prison term of 18 months and supervised release for three years. Webster has now served about eight months of his sentence.

The United States is currently pursuing civil litigation against David Watson for allegedly committing similar conduct at AIPC. *United States Securities and Exchange Commission v. David E. Watson*, No. 08-00677-02-CV-W-GAF (W.D. Mo.). Trial in this case is scheduled to begin November 15, 2010. Anticipating his present and future cooperation in the prosecution of this case the United States Attorney has requested that the Court reduce Webster's sentence pursuant to Rule of Criminal Procedure 35(b)(1) and order Webster's release from custody effective September 2, 2010.

Rule 35(b)(1) provides that "[u]pon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." A district court has broad discretion to grant or deny a Rule 35 motion. *See U.S. v. Eddy*, 677 F.2d 656, 657 (8th Cir. 1982). "It may attach whatever weight seems appropriate to the position taken by the government in response to a motion for reduction of sentence. Just as a motion opposed by the government may be granted, so may a motion not opposed (or even supported) by the government be denied." *Id.*

In the present case the Court is satisfied that the sentence originally imposed was and remains appropriate under the circumstances. In fashioning his sentence the Court was aware that Webster was pleading guilty under a cooperation agreement, and its sentence reflected this. The Court sees no reason to reduce his sentence further. The motion is DENIED.

**IT IS SO ORDERED**

Date:   August 30, 2010                          /s/ Greg Kays
                                                 GREG KAYS, JUDGE
                                                 UNITED STATES DISTRICT COURT