# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 08-00259-01-CR-W-DGK |
| TIMOTHY S. WEBSTER, | ) ) | |
| Defendant. | ) | |

## ORDER DENYING SECOND MOTION FOR SENTENCE REDUCTION

Pending before the Court is the United States' Second Unopposed Rule 35(b)(1) Motion for Sentence Reduction Based on Post-Sentencing Substantial Assistance (Doc. 45). The Government requests the Court modify the sentence previously imposed on Defendant Timothy Webster by ordering that he serve the remainder of his term of imprisonment[1] under home detention.

Webster is the Government's key witness in a civil prosecution alleging violations of federal securities law, *United States Securities and Exchange Commission v. David E. Watson*, No. 08-00677-02-CV-W-GAF (W.D. Mo.), scheduled to begin November 15, 2010. The Government suggests that allowing Webster to serve the balance of his sentence at home will dramatically improve the quality of his preparation and assistance in the upcoming trial, as well as promote various policy goals.

Webster was employed as the President and Chief Executive Officer of American Italian Pasta Company ("AIPC") from approximately May of 1992 until December 2005. Following allegations that several company officers had violated federal securities laws by inflating

---

[1] The Government reports Webster's 18 month term of imprisonment expires in June of 2011, but with credit for good behavior he will be eligible for supervised release in mid-April 2011. The Government indicates Webster will be eligible for release to a halfway house in Kansas City on November 18, 2010.

revenues, on September 15, 2008 Webster pled guilty under a cooperation plea agreement to one count of Conspiracy to Commit Wire Fraud. In pleading guilty Webster admitted he conspired to fraudulently inflate AIPC's earnings in order to conceal the true financial condition of the company. As part of his plea deal Webster agreed to cooperate with the Government after being sentenced, specifically to cooperate with any federal agency as directed by the U.S. Attorney and testify as a witness. (Doc. 6, Plea Agreement, ¶ 9(g)-(f).)

On October 15, 2009, the Court sentenced Webster to a prison term of 18 months and supervised release for three years. The prison sentence imposed was half the 36 months requested by the Government. (Doc. 25, Government's Sentencing Memorandum, at 1.) Webster has been imprisoned at a federal minimum security prison in Duluth, Minnesota since late December 2009.

On August 20, 2010, the Government moved to reduce Webster's sentence pursuant to Rule 35(b)(1), arguing that the substantial assistance sentencing reduction Webster received at the time of his original sentencing was not based in any way on the cooperation Webster would provide to the SEC in the upcoming *Watson* trial, and that his testimony would be very helpful. On August 30, 2010 the Court denied the motion, noting it had already taken Webster's cooperation under the plea agreement into account in fashioning his original sentence. (Doc. 44, Order, at 2.)

The Government now renews its earlier motion, albeit with a different rationale. The Government notes Rule 35 does not preclude a further modification of a sentence for additional assistance given after sentencing, and it permits the Court to modify a sentence by substituting home detention for imprisonment. The Government argues that granting the motion will improve the quality of Webster's testimony by freeing him from the practical limitations imposed on preparing him for trial while he is confined in Duluth, Minnesota. More specifically,

2

releasing him to home confinement will allow him ample space to store and review numerous complicated exhibits, eliminate "environmental distractions and scheduling constraints" associated with life in a federal prison, and allow his attorneys and counsel for the SEC easy access to him. The Government also contends that modifying his sentence will preserve scarce Federal Bureau of Prisons resources, but not undermine the purpose of the original sentence.

The Court is not persuaded. Webster can be adequately prepared for trial by use of the writ process. Although it might by easier and more convenient for the Government (and more pleasant for the Defendant) if he were released to home detention, such a reduction is not justified. In calculating its original sentence the Court was mindful that Webster had agreed to cooperate with the Government, and it gave him due credit. By testifying in the *Watson* trial Webster is not providing substantial assistance, he is simply upholding his end of the bargain and justifying the leniency he has already received.

The Court is also concerned that granting the motion would undermine a purpose of the original sentence—deterrence—by diluting the sanction associated with it. A sentence served in an prison or halfway house carries more stigma than a sentence served on home detention, and, consistent with the sentencing guidelines, the Court's goal is to preserve the integrity of the sanction imposed in this case.

The Court is satisfied that the sentence originally imposed was, and remains, appropriate. The motion is DENIED.

**IT IS SO ORDERED**

Date: September 22, 2010       /s/ Greg Kays
                               GREG KAYS, JUDGE
                               UNITED STATES DISTRICT COURT